UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

| In re                              |                       |
|------------------------------------|-----------------------|
| BLUE HILL SPORTS GRILLE, INC.,     | Chapter 11            |
|                                    | Case No. 06-10359-RS  |
| Debtor                             |                       |

## ORDER
## REGARDING
## LANDLORD'S MOTION TO
## DISMISS AND/OR FOR RELIEF FROM STAY

Before the Court is a motion by the Debtor's former landlord ("Landlord") seeking (a) dismissal of the within case ("Case") or (b) alternatively, relief from stay to relet the Debtor's former premises ("Premises"), to sell the Debtor's personalty at public auction and to transfer the Debtor's liquor license ("Motion"). For the reasons set forth below, the Motion is granted in part and denied in part.

### Background

The Debtor filed the Case under Chapter 11 on February 17, 2006 and, at the Debtor's request, the Court converted the Case to one under Chapter 7 on March 3, 2006. On February 24, 2006, during the abbreviated Chapter 11 case, the Landlord filed the Motion, citing (a) Section 1112(b) for dismissal and (b) Section 362(d)(1) and Section 362(d)(2) for relief from stay.

For dismissal, the Landlord alleges bad faith (to wit, filing a reorganization case with no

ability to reorganize).[1] For relief from stay, the Landlord alleges cause (to wit, bad faith in filing a reorganization case with no prospect of rehabilitation) and, as to the Debtor's personalty, that there is no equity and it is not necessary to an effective reorganization.

In support of the Motion, the Landlord relies upon the pre-petition termination of the lease of the Premises ("Lease") and a pre-petition consent judgment whereby the Landlord obtained (a) a money judgment for rent (and an all-asset lien to secure same), (b) possession of the Premises and (c) authorization to transfer the Debtor's liquor license ("Judgment"). The Landlord had previously obtained a consensual all-asset lien to secure the Debtor's obligations under the Lease.

On March 3, 2006, the Trustee was appointed and, on March 20, 2006, she filed an opposition to the Motion ("Opposition"). Conceding the Landlord's pre-petition termination of the Lease and repossession of the Premises, the Trustee acquiesces in the Landlord's request for relief from stay to relet the Premises. However, she alleges defects in the Landlord's security interests and lack of compliance with state law rendering the security interests and the liquor license transfer susceptible to avoidance.

On March 22, 2006, the Court held a non-evidentiary hearing regarding the Motion. At the hearing, and as an additional basis for the Motion, the Landlord argued that the *Rooker-Feldman* doctrine bars this Court from considering the Trustee's claims because they would nullify or alter the Judgment.

Based upon the Motion, the Opposition, the arguments, the record and applicable law, the Court makes the following findings and rulings.

---

[1] Notwithstanding the conversion of the Case from Chapter 11 to Chapter 7, the Landlord has made no supplemental or separate argument or allegation for dismissal under Section 707. Accordingly, the Court will consider only the allegation actually made regarding bad faith.

2

### Findings

1. The Lease and the Debtor's occupancy of the Premises were terminated pre-petition.

2. The Debtor did not act in bad faith in commencing the Case, hence there is no cause for dismissal under Section 1112(b) or Section 707(a) or for relief from stay under Section 362(d)(1).

3. This proceeding is summary in nature and the Court may consider whether there is a reasonable likelihood that the Landlord has a valid enforceable lien claim or interest in the Debtor's personalty (including the liquor license). See *Grella v. Salem Five Cent Sav. Bank*, 42 F.3d 26 (1st Cir. 1994).

4. The *Rooker-Feldman* doctrine prohibits lower federal courts from direct review of state court decisions and from entertaining claims that would effectively reverse a state court decision or void its ruling. *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983). See *Patti v. Fred Ehrlich, PC*, 304 B.R. 182, 185-186 (E.D. Pa. 2003).

5. The *Rooker-Feldman* doctrine is inapplicable to the Trustee's claims. The Trustee is not contesting the Lease termination, the Premises repossession, the money judgment, the grant of an all-asset lien or the authorization to transfer the liquor license. Rather, she raises issues not considered by the state court or encompassed within the Judgment - the perfection of the Landlord's security interests and the Landlord's compliance with state law regarding liquor license transfers.

6. The Trustee has raised sufficient issues regarding the Landlord's interests in the

3

Debtor's personalty (including the liquor license) to warrant deferral of relief from stay pending completion of her inquiry regarding such interests.

### Rulings

1. The Motion is granted only to the extent of relief from stay to the Landlord to relet the Premises. In all other respects, the Motion is denied.

2. The Trustee is ordered to file an adversary proceeding or other request for relief relating to the Debtor's personalty (including the liquor license) by April 30, 2006 failing which the Landlord may file an affidavit of non-compliance seeking further Court action.

*Robert Somma*
Robert Somma
United States Bankruptcy Judge

Dated: March 24, 2006